IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUAN D. SEGOVIA, | : |
| Plaintiff, | : |
| | : Case No. C2-09-CV-839 |
| v. | : |
| | : JUDGE ALGENON L. MARBLEY |
| VILLAGE OF MINERVA PARK, INC. | : |
| | : Magistrate Judge King |
| Defendant. | : |

**OPINION & ORDER**

This matter is before the Court on Plaintiff Juan D. Segovia's Motion for Preliminary Injunction (Doc. 3), Motion for Writ of Mandamus (Doc. 6), and Motion to Resolve Issue of/by Policy at Federal Court Building (Doc. 7). For the reasons discussed below, Segovia's Motions for Preliminary Injunction and Writ of Mandamus are **DENIED**, and his Motion to Resolve Issue of/by Policy at Federal Court Building is **MOOT**.

A preliminary injunction is a remedy used by the court to preserve the status quo between the parties pending a trial on the merits. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A court will generally issue a preliminary injunction when the plaintiff establishes that: (1) there is a substantial likelihood that the plaintiff will prevail on the merits; (2) the plaintiff will suffer irreparable injury without the injunction; (3) no third parties will be unjustifiably harmed if the injunction is granted; and (4) the injunction serves the public interest. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). Because Segovia's Motion for Preliminary Injunction fails to mention this test or apply it to the facts of this case in any way, Segovia's Motion for Preliminary Injunction is **DENIED**.

A writ of mandamus is "drastic remedy," to be issued only where "a party seeking such a writ [can] satisfy two conditions: (1) that there are no other adequate means for the party to obtain the desired relief, and (2) that the party has a 'clear and indisputable' right to issuance of the writ." *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 658 (6th Cir. 1996) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (per curiam)). Because Segovia's Motion for Writ of Mandamus does not clearly state the relief requested, whether there are other adequate means for him to obtain such relief, or whether he has a clear and indisputable right to issuance of the writ, the Motion for Writ of Mandamus is **DENIED**.

Segovia's Motion to Resolve Issue of/by Policy at Federal Court Building requests that the Court order the United States Marshall Service ("USMS") to allow him into the Joseph P. Kinneary U.S. Courthouse. Upon representation from the USMS, Segovia has never been denied access to the building, and in fact has been in the building on several occasions. Segovia's Motion to Resolve Issue of/by Policy at Federal Court Building is therefore **MOOT**.

**IT IS SO ORDERED**.

/s Algenon L. Marbley
ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**Dated: December 11, 2009**